DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of aggravated murder in violation of R.C. 2903.01(A). For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appointed counsel Daniel H. Grna has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In his brief filed on appellant's *Page 2 
behalf, appointed counsel sets forth two proposed assignments of error. In support of his request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. *Page 3 
 {¶ 5} Accordingly, this court shall proceed with an examination of the potential assignment of errors proposed by counsel and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts relevant to the issues raised on appeal are as follows. On September 6, 2007, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A) with a firearm specification and one count of murder in violation of R.C. 2903.02 with a firearm specification. Appellant entered pleas of not guilty and the matter was set for trial on March 24, 2008. On the second day of trial, after two witnesses had testified, appellant changed his plea to guilty of one count of aggravated murder. In exchange for the plea, the murder charge and the two firearm specifications were dismissed. On March 25, 2008, the trial court accepted appellant's plea and found him guilty of aggravated murder. Appellant was sentenced to a term of life imprisonment with parole eligibility after 20 years.
 {¶ 7} As the first potential assignment of error, appointed counsel suggests that appellant was denied effective assistance of counsel when counsel failed to conduct meaningful voir dire, failed to object to the definition of reasonable doubt offered by the prosecution in voir dire and failed to file a motion to dismiss the aggravated murder charge. As to a claim of ineffective assistance of counsel, we note that appellant entered a guilty plea, which effectively waived all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily *Page 4 
entering his plea pursuant to Crim. R. 11. This was explained to appellant before his plea was accepted. See State v. Fitzpatrick (2004),102 Ohio St.3d 321, ¶ 78.
 {¶ 8} Upon examination of the transcript of voir dire and the first day of trial, we are unable to find that, during the brief proceedings prior to appellant's decision to plead guilty, any errors transpired which prevented him from voluntarily entering that plea. Further, when questioned by the trial court, appellant acknowledged that he was satisfied with counsel's advice and competence as an attorney.
 {¶ 9} Accordingly, appellant's first proposed assignment of error is without merit.
 {¶ 10} As his second proposed assignment of error, counsel suggests that appellant did not admit to each element of the crime of aggravated murder. First, we note that Crim. R. 11(B)(1) provides that a guilty plea "is a complete admission of the defendant's guilt." See, also, State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 11.
 {¶ 11} The record reflects that, in order to be sure that appellant understood the nature of the charge to which he was about to tender his plea, the trial court explained to appellant that the indictment charged that he "purposely caused the death of another with prior calculation and design * * *." The trial court asked appellant if he understood the nature of the charge to which he was tendering his plea of guilty and appellant answered that he did. Further, the trial court explained to appellant that the effect of his guilty plea was to admit that he committed the offense of aggravated murder by purposely causing the death of another with prior calculation and design. Appellant stated that he understood that was the effect of his plea. *Page 5 
 {¶ 12} Based on the foregoing, appellant's second proposed assignment of error is without merit.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1