[Cite as *State v. Coyle*, 2016-Ohio-7686.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-49 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-62 |
| | : | |
| JEREMY M. COYLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the ____10th____ day of ____November____, 2016.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. No. 0009172, by ANU SHARMA, Atty. Reg. No. 0081773, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Second Floor, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jeremy Coyle appeals from his multiple convictions for possession, trafficking, and manufacture of illegal drugs. Finding no error, we affirm.

**I. Background**

{¶ 2} A confidential informant contacted police about Coyle selling drugs in Greene

County. After an investigation, which included four separate narcotics transactions on four separate dates in Greene County, police obtained a search warrant for a residence in Dayton, in Montgomery County. Pursuant to the warrant police found various illicit drugs, including hashish, ketamine, psilocin, marijuana, methylenedioxyamphetamine, and LSD, along with a clandestine laboratory for manufacturing them. Coyle was indicted on 29 drug-related charges, including charges for trafficking, possession, and manufacture of the above-listed drugs.

{¶ 3} Coyle filed a motion to suppress the evidence found at the residence. But before the trial court ruled on it, Coyle entered into a plea agreement with the State. He agreed to plead guilty to 11 counts and stipulated to a 12-year prison sentence. The trial court accepted Coyle's plea and sentenced him to 12 years.

{¶ 4} Coyle appealed.

## II. Analysis

{¶ 5} Coyle presents two assignments of error for our review. The first challenges the trial court's jurisdiction. And the second claims that trial counsel rendered ineffective assistance.

### A. Venue

{¶ 6} Coyle actually argues in the first assignment of error that venue was improper in Greene County, not that the trial court lacked jurisdiction. Plainly, the court's assertion of jurisdiction over Coyle was proper, as there is no dispute that all of the charged offenses occurred in Ohio. *See* R.C. 2901.11(A)(1) (stating that Ohio courts have jurisdiction over a person who commits an offense under Ohio law, any element of which takes place in Ohio).

**{¶ 7}** As to venue, "a claim of improper venue is waived by a plea of guilty." *State v. Terry*, 2d Dist. Greene No. 99-CA-20, 1999 WL 317436, *2 (May 21, 1999). So when Coyle pleaded guilty he waived any claim of improper venue.

**{¶ 8}** The first assignment of error is overruled.

### B. Ineffective-assistance-of-counsel claim

**{¶ 9}** In the second assignment of error, Coyle argues that his trial counsel rendered him ineffective assistance. "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). But "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea.' " *Id.* at 56, quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see also State v. Ward*, 2d Dist. Montgomery No. 19072, 2002-Ohio-5597, ¶ 12 ("A guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the conduct complained of caused the plea to be less than knowing and voluntary."). In the context of guilty pleas, the first part of the *Strickland* test examines "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Id.*, quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, * * * the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

{¶ 10} Coyle first argues that counsel was ineffective for advising him to plead guilty instead of waiting for a ruling on the motion to suppress. Coyle argues that the suppression motion very likely would have been sustained as to the drugs found at the house because the facts alleged in the affidavit supporting the search warrant do not establish a substantial basis for finding probable cause to believe drugs would be found there.

{¶ 11} The affiant, a detective with the Yellow Springs Police Department, states that a confidential source (CS#1) told him that drugs could be purchased from Coyle. CS#1 said that Coyle had lived in Fairborn "but had since moved to an unknown location in Dayton, Ohio." (Affidavit, ¶ 2). The detective then describes controlled drug buys made by CS#1. At two transactions, Coyle arrived in a silver Isuzu. The detective learned from another Greene County detective that a search warrant had been executed on Coyle's former residence in Fairborn and that a "marijuana and psilocybin mushroom grow operation" had been found there. (*Id.* at ¶ 3). That search warrant also revealed that Coyle was in a relationship with Megan White, who was pregnant with Coyle's child at the time. The detective subpoenaed Dayton Power & Light for subscriber information on White. The information showed that White had an active service at 1127 Beaumont Avenue in Dayton, Ohio. The detective was able to verify that Coyle and White were still together. The detective and other law enforcement officers then conducted surveillance on the Beaumont Avenue house. They saw White sitting on the front porch of the house and saw the silver Isuzu parked out front. Another controlled buy was arranged. Police watching the house saw Coyle, White, and others get into a grey Volkswagen. White drove the car to the location arranged for the buy. Coyle got out and conducted the transaction. A

couple of weeks later, the detective conducted a trash pull at the house. In the trash receptacle marked "1127," which was behind the house in the common alleyway, he found a bill for Coyle that listed the Beaumont Avenue address. The detective also found a burnt marijuana cigarette, a marijuana plant stem, and a plastic white tube with an unknown white powdery substance in it. He further found an empty bottle of butane gas, which the detective said is used to make hashish, which CS#1 had purchased from Coyle.

{¶ 12} We believe that these facts easily provide a substantial basis for finding probable cause to believe that drugs likely would be found at 1127 Beaumont Avenue. Consequently the search warrant likely would not have been suppressed on grounds that it lacked substantial basis. Counsel's advice to plead guilty was not unreasonable in this regard.

{¶ 13} The two cases that Coyle cites in support of his argument are distinguishable. First, in *State v. Terrell*, 2d Dist. Clark No. 2011-CA-57, 2013-Ohio-124, we concluded that the facts in the affidavit supporting a search warrant on a residence did not provide a substantial basis for finding probable cause to believe drugs were likely to be present. We said that the averred facts provided almost no evidence to support a finding that drugs likely would be found inside that residence. Almost all of the affidavit in support of the search warrant in that case referred to drug activity at a different address in another county. We noted that there was no mention of a trash pull, of any independent surveillance of the residence, of who owned or lived in the residence, or who paid the utilities. In the present case, all of this information is in the supporting affidavit. Second, in *State v. Davis,* 166 Ohio App.3d 468, 2006-Ohio-1592, 851 N.E.2d 515 (2d Dist.) we held that the search warrant was so lacking in probable cause that it did not justify a good-

faith exception to the exclusionary rule. But in that case the facts in the affidavit were based on information given to the affiant by a confidential informant. We found that the affiant provided no information from which the reliability of the confidential informant could be determined. Here, the facts in the supporting affidavit come from the detective's and other law enforcement officers' own observations and own knowledge. CS#1 simply pointed them in the right direction.

{¶ 14} Coyle next argues that counsel was ineffective for not challenging venue. He says that there is a reasonable probability that, but for counsel's error of advising him to plead without contesting venue, his case would have been brought in Montgomery County instead of Greene County. Coyle does not say that he would not have pleaded guilty if his case had been brought in Montgomery County. And we doubt that the choice of courts had anything to do with Coyle's decision to plead guilty. So even assuming a venue challenge would have been successful on some of the charges, Coyle has not shown a reasonable probability that, but for counsel's not challenging venue, he would not have pleaded guilty and would have insisted on going to trial.

{¶ 15} Lastly, Coyle argues that counsel was ineffective for advising him to accept the plea deal. In the plea agreement, he stipulated to a 12-year prison sentence. Coyle argues that it is more likely that he, a first-time offender, would have received a lesser sentence had he not stipulated. Coyle's argument here is not that he should not have pleaded guilty but that he should not have agreed to the plea deal. "Effective assistance of counsel does not guarantee results and consequences of advice are not the only measure." *State v. Longo*, 4 Ohio App.3d 136, 446 N.E.2d 1145 (8th Dist.1982). We note that had he been convicted of all 29 charges his potential sentence could have been much

longer than 12 years. And the evidence against him was strong. In light of the evidence of Coyle's guilt, the advice to accept the plea agreement was reasonable.

{¶ 16} Coyle fails to establish his claim for ineffective assistance of trial counsel. Therefore the second assignment of error is overruled.

### III. Conclusion

{¶ 17} We have overruled both of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Stephen K. Haller
Anu Sharma
Brock Schoenlein
Hon. Stephen Wolaver