[Cite as *State v. Toth*, 2017-Ohio-5481.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 16CA0086-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM TOTH | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CR0358 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2017

TEODOSIO, Judge.

{¶1} Appellant, William Toth, appeals from his conviction for possession of cocaine in the Medina County Court of Common Pleas. We affirm.

I.

{¶2} Two Brunswick Hills police officers responded to a call regarding a domestic dispute in May of 2016. A female had called 911 and said that she was in a domestic violence altercation with Mr. Toth. She told the 911 dispatcher that Mr. Toth was using narcotics and had now locked himself in a closet. When the officers arrived, Mr. Toth met one of them at the front door. The officer took Mr. Toth outside and patted him down for officer safety. The officer entered the residence and saw a glass smoking device containing burnt residue on a table in plain view. The smoking device was later tested at the Ohio Bureau of Criminal Identification and Investigation and revealed trace amounts of cocaine.

{¶3} Mr. Toth was charged in Medina Municipal Court with illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree. He pled no contest and was found guilty. He was also charged in the Medina Court of Common Pleas with possession of cocaine, a felony of the fifth degree. He filed a motion to dismiss his felony charge based on double jeopardy grounds. The trial court held a hearing on the matter and denied the motion.

{¶4} Mr. Toth now appeals from the trial court's denial of his motion to dismiss and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

DOUBLE JEOPARDY BARS THE STATE OF OHIO FROM PROSECUTING APPELLANT FIRST FOR THE POSSESSION OF DRUG PARAPHERNALIA FOR POSSESSING A GLASS SMOKING DEVICE AND SECOND[] FOR THE POSSESSION OF [] DRUGS FOR THE TRACE AMOUNTS OF DRUGS FOUND ON THE SAME GLASS SMOKING DEVICE.

{¶5} In his first assignment of error, Mr. Toth argues that the trial court erred in denying his motion to dismiss because prosecution in common pleas court for possession of cocaine violates his protection against double jeopardy when he has already pled no contest and been found guilty of illegal use or possession of drug paraphernalia in municipal court, when both of the offenses arose out of the same incident and the same evidence. We disagree.

{¶6} "[A]n order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order." *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61. "We apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *State v. Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 9.

**{¶7}** The Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *." The Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). Article I, Section 10, of the Ohio Constitution also contains a Double Jeopardy Clause which states, "[n]o person shall be twice put in jeopardy for the same offense." "The Double Jeopardy clause embraces the belief that the State should not be permitted to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expenses, and a continuous state of anxiety and insecurity." *State v. Armstrong*, 9th Dist. Medina No. 03CA0064-M, 2004-Ohio-726, ¶ 13.

**{¶8}** "[D]etermining whether an accused is being successively prosecuted for the 'same offense' requires courts to apply the 'same elements' test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) * * *." *State v. Lamp*, 9th Dist. Summit No. 26602, 2013-Ohio-1219, ¶ 7, citing *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 18. In *Blockburger*, the United States Supreme Court stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Blockburger* at 304. "'This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.'" *Zima* at ¶ 20, quoting *State v. Thomas*, 61 Ohio St.2d 254, 259 (1980). Thus, the *Blockburger* test "'inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars

additional punishment and successive prosecution.'" *Zima* at ¶ 20, quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993).

**{¶9}** Defense counsel called the two police officers to testify at the motion hearing. Her questions on direct examination focused on the fact that two charges in two different courts stemmed from a single smoking device containing cocaine residue. In closing, counsel argued that Mr. Toth should not be punished for the same offense under two different statutes. She argued that a person cannot possess a drug without having some paraphernalia item such as a box, baggie, or smoking device, and further claimed that the same smoking device served as evidence in both of Mr. Toth's charges.

**{¶10}** Defense counsel also relied on *State v. Ruff* at the hearing to argue that the trial court should look at the conduct, the animus, and the import of the crimes to determine whether or not there should be a merger and whether double jeopardy would allow two separate punishments for the same act. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus (holding that courts must evaluate the conduct, the animus, and the import in determining whether offenses are allied offenses of similar import). However, "the standard for determining whether a successive prosecution violates the double jeopardy clause is separate and distinct from the allied offenses standard * * *." *Lamp* at ¶ 7. Mr. Toth's double jeopardy argument here hinges on whether he was successively prosecuted for the same offense, not whether the two crimes are allied offenses of similar import. *See id.* at ¶ 10. Therefore, the *Blockburger* test is controlling here, not the holding in *Ruff*. *See id.*

**{¶11}** This Court has addressed the issue of double jeopardy and successive prosecutions involving the illegal use or possession of drug paraphernalia and possession of drugs statutes previously in *State v. Mullenix*, 9th Dist. Summit No. 16229, 1993 WL 347179

(Sept. 15, 1993). In *Mullenix*, the appellant was arrested for possessing a crack pipe and pled guilty to possession of drug paraphernalia under R.C. 2925.14. *Id.* at *1. After she entered her guilty plea, the police tested the residue in the pipe and determined it to be cocaine. *Id.* The appellant was then charged with drug abuse under R.C. 2925.11. *Id.* She filed a motion to dismiss on double jeopardy grounds, which was denied by the trial court. *Id.* She pled no contest, was found guilty, and appealed. *Id.* We rejected the appellant's reliance on the "same-conduct" test in *Grady*, followed the United States Supreme Court's decision in *Dixon* instead, and stated, "It is no longer of any consequence to this analysis that appellant's possession of both the crack pipe and the cocaine residue found therein may have arisen out of the same course of conduct." *Id.* at *1-2; *See Grady v. Corbin*, 495 U.S. 508 (1990), *overruled Dixon*, 509 U.S. 688. Because each offense contained an element that the other did not, we stated that the offenses "cannot be considered the 'same offense' for constitutional double jeopardy purposes" and affirmed the judgment of the trial court. *Mullenix* at *2.

{¶12} In the case sub judice, Mr. Toth was charged with illegal use or possession of drug paraphernalia under R.C. 2925.14(C)(1), which states no person shall knowingly use, or possess with purpose to use, drug paraphernalia. He was also charged with possession of cocaine under R.C. 2925.11(A), which states no person shall knowingly obtain, possess, or use cocaine.

{¶13} Both R.C. 2925.14(C)(1) and R.C. 2925.11(A) contain an element that the other does not. *See Mullenix* at *2. R.C. 2925.14(C)(1) requires use or possession of drug paraphernalia, but possession of cocaine is not required. *See id.* Conversely, R.C. 2925.11(A) requires possession of cocaine, but use or possession of drug paraphernalia is not required. *See id.* Therefore, under the *Blockburger* "same-elements" test, offenses under R.C. 2925.14(C)(1)

and R.C. 2925.11(A) cannot be considered the "same offense" for constitutional double jeopardy purposes. *See id.*

{¶14} We conclude that the trial court correctly denied Mr. Toth's motion to dismiss.

{¶15} Mr. Toth's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO EFFECTIVELY ADVOCATE FOR DISMISSAL BASED ON DOUBLE JEOPARDY, COMPULSORY CLAIM, PUBLIC POLICY, OR OTHER ARGUMENT PRESENTED IN THIS APPELLATE BRIEF OR TO ADEQUATELY PRESERVE OR PROTECT THE RECORD TO SUPPORT [THE] SAME ARGUMENTS.

{¶16} In his second assignment of error, Mr. Toth argues that should this Court find any errors in his trial counsel's performance for failure to preserve the record for purposes of appeal or failure to make the appropriate double jeopardy arguments, any such deficiencies would constitute ineffective assistance of counsel. As we have addressed Mr. Toth's double jeopardy argument in our resolution of his first assignment of error, his second assignment of error is rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶17} Mr. Toth's first assignment of error is overruled. His second assignment of error is moot. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.