[Cite as *State v. Emich*, 2018-Ohio-627.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

JEFFREY K. EMICH

    Appellant

C.A. No.    17CA0039-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16CR0468

DECISION AND JOURNAL ENTRY

Dated: February 20, 2018

CARR, Judge.

{¶1} Defendant-Appellant Jeffrey K. Emich appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In August 2016, an indictment was filed alleging that Emich committed identity fraud in violation of R.C. 2913.49(B)(1), a felony of the fifth degree. Emich filed a motion to dismiss based upon double-jeopardy grounds. Emich argued that he was previously prosecuted for falsification in municipal court based upon the same incident, had pleaded guilty in that case, and thus asserted that the present prosecution was barred by double jeopardy. The State opposed Emich's motion and a hearing was held. Ultimately, in September 2016, the trial court denied Emich's motion. Subsequently, Emich pleaded guilty to identity fraud. The trial court sentenced Emich accordingly.

**{¶3}** Emich has appealed, raising two assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

II.

**{¶4}** Before addressing the merits of this appeal, we pause to discuss whether we have jurisdiction. Specifically, we examine whether Emich's appeal is timely. Emich's notice of appeal was filed pro se on May 26, 2017. Therein, Emich asserted that he was appealing "all appealable issues[.]" Emich's sentencing entry was journalized May 3, 2017; thus, an appeal from his conviction is timely. *See* App.R. 4(A).

**{¶5}** Nonetheless, the State has argued that Emich's appeal is untimely because his appeal relates to the trial court's denial of his motion to dismiss based upon double jeopardy. The State correctly notes that the denial of a motion to dismiss based upon double-jeopardy grounds is a final appealable order. *See State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61. Emich's motion to dismiss was denied in an entry journalized on September 27, 2016. The State maintains that, pursuant to App.R. 4(A), Emich was required to appeal within 30 days from September 27, 2016. Therefore, his May 26, 2017 notice of appeal was untimely. Emich argues that, while he was permitted to immediately appeal from the September 2016 order, he was not required to do so. Emich relies on law that predates *Anderson*, which the State contends was overruled by *Anderson.*

**{¶6}** However, we cannot conclude that *Anderson* itself addresses the issue. While *Anderson* provides that a defendant *can* immediately appeal the denial of a motion to dismiss on double-jeopardy grounds, it does not address the procedural consequences, if any, of a defendant's failure to do so. Thus, we are unpersuaded by the State's argument. Further, we remain mindful that "the protection against double jeopardy is not just protection against being

punished twice for the same offense, it is also the protection against being tried twice for the same offense." (Internal quotations and citation omitted.) *Anderson* at ¶ 58. Thus, an interlocutory appeal would protect both aspects of the right. Accordingly, a defendant's failure to immediately appeal, and to instead wait until a judgment of conviction is journalized, would necessarily forgo any argument that the defendant could not be subject to a second prosecution, as such an argument would be moot. *See id.* at ¶ 58-59. However, the defendant would not be subject to the full harm of a double-jeopardy violation until the time a judgment of conviction is entered. Therefore, the denial of the motion to dismiss should also be reviewable following the entry of the judgment of conviction as that is the point in time that the harm is fully realized. The State has made no compelling argument as to why this harm should not be reviewable from the final judgment. Given the foregoing, we proceed to address the merits of Emich's appeal.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS DUE TO DOUBLE JEOPARDY VIOLATIONS, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7} Emich argues in his second assignment of error that the trial court erred in denying his motion to dismiss based upon double jeopardy. We do not agree.

{¶8} First, we note that Emich has not waived this argument by pleading guilty. *See State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 79; *State v. McGee*, 9th Dist. Lorain No. 96CA006507, 1997 Ohio App. LEXIS 2965, *6 (July 2, 1997).

{¶9} "We apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *State v. Toth*, 9th Dist. Medina No. 16CA0086-M, 2017-Ohio-5481, ¶ 6, quoting *State v. Hartman*, 9th Dist. Medina No.

15CA0090-M, 2017-Ohio-1089, ¶ 9. "The Fifth Amendment to the United States Constitution provides that '[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life and limb.' Similarly, Section 10, Article I, Ohio Constitution provides, 'No person shall be twice put in jeopardy for the same offense.'" *State v. Lamp*, 9th Dist. Summit No. 26602, 2013-Ohio-1219, ¶ 5.

{¶10} "In *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 18, * * * the Supreme Court held that determining whether an accused is being successively prosecuted for the 'same offense' requires courts to apply the 'same elements' test articulated in *Blockburger* [.]" *Lamp* at ¶ 7. That test provides the

> applicable rule under the Fifth Amendment is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

(Internal quotations and citations omitted.) *Id.* "This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case. Thus, the *Blockburger* test inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." (Internal citations and quotations omitted.) *Toth* at ¶ 8.

{¶11} In his motion to dismiss the indictment, Emich argued that he previously was charged with falsification and driving under suspension based upon an incident that also formed the basis of the identity fraud count that was the subject of the indictment in the current matter. Emich asserted that he pleaded guilty in the previous matter and was sentenced. He argued that the prosecution for identity fraud thus violated the prohibition against double jeopardy. To his

motion, he attached uncertified copies of what appear to be pages from the docket of his municipal court cases.

{¶12} At the hearing on the motion, Emich's trial counsel presented no witnesses or evidence and instead relied upon his brief and attached filings. He argued that the falsification charge was the same charge as the identify fraud charge and thus the indictment should be dismissed. In ruling on the motion, the trial court concluded that Emich failed to present sufficient evidence that he was even convicted of any crime in the prior proceeding. The trial court pointed out that Emich did not present a copy of the municipal court charging instrument or a copy of the judgment of conviction. Nonetheless, the trial court went on to state that even if Emich had in fact been convicted of falsification in municipal court, under the test in *Blockburger v. United States*, 284 U.S. 299 (1932), his prosecution for identity fraud was not barred.

{¶13} On appeal, Emich has not challenged the trial court's conclusion that he presented insufficient evidence to establish his prior conviction, which was the trial court's primary basis for denying his motion to dismiss. Instead, Emich solely focuses on whether falsification and identity fraud have the same elements so as to meet the test in *Blockburger*. Nonetheless, as the finding that Emich presented insufficient evidence of a prior conviction remains unchallenged on appeal, *see* App.R. 16(A)(7), and formed the basis of the trial court's decision, we can only conclude that Emich has not demonstrated that the trial court erred in denying his motion to dismiss. *See also Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998).

{¶14} Emich's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

APPELLANT WAS PREJUDICED BY TRIAL COUNSEL'S OBJECTIVELY DEFICIENT PERFORMANCE IN LITIGATING THE MOTION TO DISMISS DUE TO DOUBLE JEOPARDY VIOLATIONS, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶15} Emich argues in his first assignment of error that he received ineffective assistance of trial counsel in litigating the motion to dismiss.

{¶16} "A guilty plea represents a break in the chain of events that preceded it in the criminal process, such that a defendant cannot then challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." (Internal quotations and citations omitted.) *State v. Allen*, 9th Dist. Summit Nos. 27494, 28213, 2017-Ohio-2831, ¶ 37. This Court and others have thus concluded that ineffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea. *See id.* at ¶ 37-38; *State v. Kelly*, 7th Dist. Columbiana No. 08 CO 23, 2009-Ohio-1509, ¶ 10-11 (concluding that an ineffective assistance argument related to double jeopardy was waived by a guilty plea). However, even if we were to consider the merits of Emich's argument, we would overrule it.

{¶17} In order to prevail on a claim of ineffective assistance of counsel, Emich must show that his "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

result." *Strickland* at 686. Thus, a two-prong test is necessary to examine such claims. First, Emich must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Emich must demonstrate that but for counsel's errors, there is a reasonable probability that the results of his trial would have been different. *Keith* at 534.

{¶18} Here, Emich argues it was unreasonable for his trial counsel to fail to submit more substantial evidence to support his motion to dismiss. However, even if that were true, the evidence that Emich believes should have been submitted is not in the record and is not properly before this Court. For example, we do not know whether the charging instrument and judgment of conviction from the municipal court would support Emich's claims as they are not part of this Court's record. "This Court is confined to the record on appeal and may not engage in assumptions to sustain an ineffective assistance of counsel argument." *State v. Zeber,* 9th Dist. Summit No. 28481, 2017-Ohio-8987, ¶ 8, quoting *State v. Higgins*, 9th Dist. Summit No. 26120, 2012-Ohio-5650, ¶ 9. "When allegations of the ineffectiveness of counsel are premised on evidence outside the record, * * * the proper mechanism for relief is through the post-conviction remedies of R.C. 2953.21, rather than through a direct appeal." *Zeber* at ¶ 8. Given the foregoing, Emich has not demonstrated that trial counsel was ineffective. *See id*.

{¶19} Emich's first assignment of error is overruled.

### III.

{¶20} Emich's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MATTHEW B. AMEER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI and LAUREN M. HASE, Assistant Prosecuting Attorneys, for Appellee.