[Cite as *State v. Samuels-Thomas*, 2024-Ohio-3059.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY**

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DASION Q. SAMUELS-THOMAS,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-42

O P I N I O N

---

**Appeal from Union County Common Pleas Court
Trial Court No. 19-CR-0290**

**Judgment Affirmed**

**Date of Decision:  August 12, 2024**

---

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Dasion Q. Samuels-Thomas ("Samuels-Thomas"), appeals the November 29, 2023 judgment entry of sentence of the Union County Court of Common Pleas. We affirm.

{¶2} On December 19, 2019, the Union County Court of Common Pleas indicted Samuels-Thomas on nine counts: Count One of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a second-degree felony; Count Two of forgery in violation of R.C. 2913.31(A)(3), (C)(1)(b)(i), a fourth-degree felony; and Counts Three, Four, Five, Six, Seven, Eight, and Nine of forgery in violation of R.C. 2913.31(A)(3), (C)(1)(b), fifth-degree felonies. Samuels-Thomas appeared for arraignment on July 12, 2023 and entered pleas of not guilty.

{¶3} On October 10, 2023, Samuels-Thomas withdrew his pleas of not guilty and entered guilty pleas to an amended Count One and to Counts Two, Three, Four, Five, Six, Seven, Eight, and Nine of the indictment. In exchange for his change of pleas, the State agreed to amend Count One to attempted engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), 2923.02, a third-degree felony. The trial court accepted Samuels-Thomas's guilty pleas, found him guilty, and ordered a pre-sentence investigation.

{¶4} On November 29, 2023, the trial court sentenced Samuels-Thomas to 30 months in prison as to Count One, 6 months in prison as to Counts Two, Three,

Four, Six, Seven, Eight, and Nine, respectively, and 11 months in prison as to Count Five. The trial court ordered Samuels-Thomas to serve the prison terms imposed as to Counts One, Two, Three, Four, and Five consecutively. The trial court further ordered Samuels-Thomas to serve the prison terms imposed as to Counts Six, Seven, Eight, and Nine concurrently to the consecutive-prison terms imposed as to Counts One through Five for an aggregate sentence of 4 years and 11 months in prison. Moreover, the trial court ordered Samuels-Thomas to serve his sentence imposed in this case consecutively to his sentence imposed in a Delaware County case.

{¶5} Samuels-Thomas filed his notice of appeal on December 21, 2023. He raises one assignment of error for our review

### Assignment of Error

**Appellant Was Deprived Effective Assistance Of Counsel Resulting In Prejudice To Appellant and Creating a Miscarriage Of Justice.**

{¶6} In his sole assignment of error, Samuels-Thomas argues that his trial counsel was ineffective for failing to challenge the engaging-in-a-pattern-of-corrupt-activity charge being prosecuted in Union County. He contends that the proper venue was Delaware County and that his subsequent prosecution for the engaging-in-a-pattern-of-corrupt-activity charge in Union County violated his double-jeopardy rights.

*Standard of Review*

**{¶7}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910 (1978).

**{¶8}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 2014-Ohio-259, ¶ 48 (3d Dist.), quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to

-4-

undermine confidence in the outcome.'"  *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

**{¶9}** In this case, Samuels-Thomas argues that his trial counsel was ineffective for failing "to investigate the relationship between the enterprise activity that was indicted by the Delaware County grand jury and the enterprise that the Union County grand jury considered" and, thus, "allowing two courts to sentence him on a continuing course of conduct that spanned multiple years, but was still the same conduct."  (Appellant's Brief at 7).  In other words, Samuels-Thomas argues that his trial counsel was ineffective for failing to object to venue in Union County and for failing to object to the double-jeopardy issue.

**{¶10}** However, because Samuels-Thomas pleaded guilty to the counts of the indictment, he waived any error unrelated to his change-of-plea, including his venue and double-jeopardy arguments.  *See State v. Coyle*, 2016-Ohio-7686, ¶ 7 (2d Dist.) (asserting that "'a claim of improper venue is waived by a plea of guilty'"), quoting *State v. Terry*, 1999 WL 317436, *2 (2d Dist.); *State v. Kelly*, 2009-Ohio-1509, ¶ 10-11 (7th Dist.) (concluding that an ineffective-assistance argument related to double jeopardy is waived by a guilty plea).  *See also State v. Barton*, 2006-Ohio-1324, ¶ 73 (concluding "that Barton waived any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense").

**{¶11}** Indeed, "'[a] guilty plea represents a break in the chain of events that preceded it in the criminal process, such that a defendant cannot then challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea.'" *State v. Emich*, 2018-Ohio-627, ¶ 16 (9th Dist.), quoting *State v. Allen*, 2017-Ohio-2831, ¶ 37 (9th Dist.). That is, "ineffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *Id. See also State v. Jameson*, 2009-Ohio-1467, ¶ 7 (6th Dist.) ("As to a claim of ineffective assistance of counsel, we note that appellant entered a guilty plea, which effectively waived all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering his plea pursuant to Crim.R. 11.").

**{¶12}** Nevertheless, even if Samuels-Thomas did not waive his arguments, he failed to demonstrate that his trial counsel was ineffective. In this appeal, Samuels-Thomas's arguments relate to his Delaware County case, which is not before this court. "'"This Court is confined to the record on appeal and may not engage in assumptions to sustain an ineffective assistance of counsel argument."'" *Emich* at ¶ 18 (9th Dist.), quoting *State v. Zeber*, 2017-Ohio-8987, ¶ 8 (9th Dist.), quoting *State v. Higgins*, 2012-Ohio-5650, ¶ 9 (9th Dist.). Decisively, to reach the merits of Samuels-Thomas's arguments, this court would be required to engage in

assumptions about facts that are not properly before this court. Consequently, based on the facts properly before this court, Samuels-Thomas did not meet his burden of proving that, but for his trial counsel's failure to challenge venue in Union County or to raise the double-jeopardy issue, he would not have pleaded guilty. *See, e.g.*, *Coyle*, 2016-Ohio-7686, at ¶ 14 (2d Dist.) (concluding that "Coyle has not shown a reasonable probability that, but for counsel's not challenging venue, he would not have pleaded guilty and would have insisted on going to trial"). Therefore, Samuels-Thomas's trial counsel was not ineffective.

**{¶13}** Samuels-Thomas's assignment of error is overrued.

**{¶14}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**