[Cite as *In re C.E.,* 190 Ohio App.3d 85, 2010-Ohio-4072.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

IN RE C.E.,

        CASE NO. 11-09-08

    APPELLANT.

        O P I N I O N

IN RE C.E.,

        CASE NO. 11-09-10

ADJUDICATED DELINQUENT        O P I N I O N
CHILD – APPELLANT.

Appeal from Paulding County Common Pleas Court
Juvenile Division
Trial Court No. 20092020

Judgments Reversed and Cause Remanded

Date of Decision: August 30, 2010

APPEARANCES:

**Amanda J. Powell, for appellant.**

**Joseph R. Burkard, Paulding County Prosecuting Attorney, and Matthew A. Miller, Assistant Prosecuting Attorney, for appellee.**

SHAW, Judge.

{¶ 1} In case No. 11-09-10, appellant, C.E., appeals the July 29, 2009 judgment of the Common Pleas Court, Juvenile Division, of Paulding County, Ohio, ordering that he be committed to the Ohio Department of Youth Services ("DYS") for a minimum of six months up to the age of 21 on four counts of delinquency, but that such commitments be suspended and he be placed on community control. In case No. 11-09-08, appellant, C.E., appeals the September 17, 2009 judgment of the Common Pleas Court, Juvenile Division, of Paulding County, Ohio, ordering that his community control be revoked and that two of his previously suspended commitments to DYS be invoked.

{¶ 2} On December 31, 2008, C.E. was charged in the Court of Common Pleas, Family Court, Juvenile Division, of Stark County, Ohio, with one count of delinquency for striking, grabbing, and biting two employees of DYS while he was in the custody of DYS, which would constitute the offense of assault, a felony of the fifth degree, if committed by an adult (case No. 2008 JCR 03660). On March 3, 2009, C.E. was charged in that same court with three counts of delinquency for biting two DYS correctional officers and kicking a third, which

would constitute three offenses of assault, each a felony of the fifth degree, if committed by an adult (case No. 2009 JCR 00532).

{¶ 3} C.E. admitted to each count of delinquency on March 5, 2009, before a magistrate. After C.E. admitted to these acts, the Stark County Family Court waived all case costs, ordered that C.E. be released to the custody of DYS, and certified the disposition of both cases to the Paulding County Juvenile Court, C.E.'s county of residence. In addition, both decisions by the magistrate included the following language under a portion of the decision entitled "DISPOSITIONAL SUMMARY":

> You are hereby ordered by the court to comply with the following orders:
>
> * * *
>
> 2. You are now subject to Community Control by the Family Court subject to the following conditions:
>      * Cooperate with the process necessary to provide a genetic DNA sample.

The magistrate's decisions were approved and adopted by the judge on March 9, 2009.

{¶ 4} The cases were then certified to the Paulding County Juvenile Court, where they were consolidated into one case (case No. 20092020). On June 29, 2009, that court held a dispositional hearing. The court ordered that C.E. be committed to DYS for a minimum period of six months to a maximum until age

-3-

21 on each count and that these periods of commitment run consecutively to one another for an aggregate minimum of two years to a maximum until age 21. The court also ordered that C.E. be held in detention for 90 days. However, the court suspended both the commitments to DYS and the 90-day detention and placed C.E. on community control.

{¶ 5} On September 8, 2009, a motion to revoke C.E.'s community control was filed. This motion alleged that C.E. violated the terms of his community control because he slashed the tires of a vehicle belonging to another person, which constituted a violation of the law. A hearing was held on this motion on September 15, 2009. C.E. admitted to violating the terms of his community control. The court then revoked his community control and ordered that he be committed to DYS on two of his counts of delinquency for a minimum period of six months to a maximum until age 21 on each count and that these periods of commitment run consecutively to one another for an aggregate minimum of one year to a maximum until age 21.

{¶ 6} This appeal followed, and C.E. now asserts two assignments of error.

### Assignment of Error I

The Paulding county juvenile court erred when it imposed a second disposition in [C.E.s'] case; therefore, its dispositions and subsequent adjudication are void and must be vacated.

Assignment of Error II

[C.E.] was denied his constitutional right to effective assistance of counsel.

*First Assignment of Error*

{¶ 7}   C.E. asserts in his first assignment of error that the Paulding County Juvenile Court did not have the authority to impose a disposition in his case because final dispositions were rendered by the Stark County Family Court.  Thus, he maintains that nothing remained for the Stark County court to certify to the Paulding County court.  In support of this assertion, C.E. relies upon the Ohio Supreme Court's decision in *In re Sekulich* (1981), 65 Ohio St.2d 13, 417 N.E.2d 1014.

{¶ 8}   In *In re Sekulich*, Jeffrey Sekulich was adjudicated a delinquent by the Geauga County Juvenile Court.  After his adjudication, Sekulich, who was a resident of Cuyahoga County, filed a motion to transfer his case to Cuyahoga County.  A week later, the Geauga County court held a dispositional hearing, "after which the court imposed a $50 fine and assessed court costs in compliance with R.C. 2151.355(A)(6)."[1]  Id. at 14.  Additionally, "[i]n this dispositional order, the court further ordered certification of the matter to the Cuyahoga County Juvenile Court."  Id..  Sekulich appealed the trial court's decision, and the court of

---

[1] This section has since been repealed and many of its provisions have been recodified in R.C. 2152.19.

appeals reversed the adjudication of appellee's delinquency as being against the manifest weight of the evidence.  Id.

{¶ 9}  On appeal to the Ohio Supreme Court, the state contended that the Geauga County entry did not constitute a final, appealable order because this entry certified the case to Cuyahoga County for disposition and that disposition had yet to occur in Cuyahoga County.[2]  Id. at 15.  The court found that the Geauga County entry was a final, appealable order.  In so doing, the court found that the Geauga County court's imposition of a fine and court costs upon Sekulich was "a dispositional order and, as such, [was] a final appealable order."  Id.

{¶ 10} The court acknowledged that the Revised Code permits a case initiated in any county of this state that is not the child's home county to be transferred to the county in which the child resides.  Id., citing R.C. 2151.271.  This section provides:

> Except in a case in which the child is alleged to be a serious youthful offender under section 2152.13 of the Revised Code, if the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or *dispositional hearing*, for such further proceeding as required.

---

[2] The Cuyahoga County Juvenile Court refused to accept the transfer of the case because it found that the Geauga County Juvenile Court had already entered a dispositional order.  *In re Sekulich*, 65 Ohio St.2d at 14, 417 N.E.2d 1014.

(Emphasis added.) R.C. 2151.271. Nevertheless, the court noted that "[t]his section does not encompass a transfer of the cause after a *dispositional order* has been made." (Emphasis added.) *In re Sekulich*, 65 Ohio St.2d at 15, 417 N.E.2d 1014. The court then determined that "[s]ince there was a final dispositional order concerning this matter, nothing remained for certification to the Cuyahoga County Juvenile Court. The trial court exceeded its authority by attempting to both impose a fine and also transfer the matter to another jurisdiction." Id. Thus, it found that the Court of Appeals for Geauga County correctly determined that it had jurisdiction over the matter. Id.

{¶ 11} Turning to the case sub judice, R.C. 2152.19 provides a number of dispositional orders that a court may make in regard to a child adjudicated a delinquent. Among those options is one allowing a court to "[p]lace the child on community control under any sanctions, services, and conditions that the court prescribes." Here, as previously noted, the Stark County Family Court's dispositional summaries in these cases specifically state that C.E. is

> hereby ordered by the court to comply with the following orders:
>
> * * *
> 2. You are now subject to Community Control by the Family Court subject to the following conditions:
>        * Cooperate with the process necessary to provide a genetic DNA sample.

This language placed C.E. on community control in Stark County. As in *In re Sekulich*, the Stark County court issued these orders in full compliance with the dispositional statutes. Thus, the imposition of community control amounted to a dispositional order and, hence, was final.

{¶ 12} Because these were final, dispositional orders, nothing remained for certification to Paulding County. Consequently, the Paulding County Common Pleas Court, Juvenile Division, was without authority to issue a second disposition in these cases and to subsequently order that C.E. be committed to DYS for violating these second dispositional orders. Thus, C.E.'s first assignment of error is sustained, rendering his second assignment of error moot.

{¶ 13} For these reasons, the July 29, 2010, and September 17, 2009, judgments of the Paulding County Common Pleas Court, Juvenile Division, are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgments reversed<br>and cause remanded.

ROGERS and PRESTON, JJ., concur.