[Cite as *In re E.H.*, 2016-Ohio-1186.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| | | No. 15AP-680 |
| E.H., | : | (C.P.C. No. 14JU-5784) |
| (Appellant). | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on March 22, 2016

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Katherine J. Press*, Assistant Prosecuting Attorney, for appellee State of Ohio.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1} E.H., a minor, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch ("juvenile court"), that adjudicated her as an unruly child on the basis of habitual truancy. However, because the juvenile court's adjudication had no accompanying disposition, the judgment was not a final appealable order over which we have jurisdiction. Accordingly, we dismiss the appeal.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} On April 30, 2014, a complaint was filed in the juvenile court, alleging that E.H. was a delinquent child because she had committed "chronic school truancy" in

violation of R.C. 2152.02(D).[1] The complaint also alleged that E.H.'s mother had violated R.C. 3321.38 by failing to send E.H. to school. (Complaint.) A chronic truant is defined as "any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for seven or more consecutive school days, ten or more school days in one school month, or fifteen or more school days in a school year." R.C. 2152.02(D). Under the delinquency statute, "[a]ny child who is a chronic truant" is a delinquent child. R.C. 2152.02(F)(5).

{¶ 3} At a hearing held before a magistrate on September 16, 2014, E.H.'s attorney indicated that she wished to request a competency examination for E.H. (Tr. 2-3.) The state opposed such an examination and moved the court to amend the complaint to charge E.H. with being a "habitual truant" under R.C. 2151.011(B)(19) instead of a "chronic truant" under R.C. 2152.02(D). (Tr. 4.) A habitual truant is a child with unexcused absences for "five or more consecutive school days, seven or more school days in one school month, or twelve or more school days in a school year." R.C. 2151.011(B)(19). A child that is found to be a habitual truant is not subject to a delinquency adjudication, but instead falls under the "unruly child" statute. R.C. 2151.022(B) (providing four definitions of an "unruly child," including "[a]ny child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant").

{¶ 4} The state sought to amend the charge to habitual truancy, which it described as a "lesser included offense," because the juvenile competency statute, R.C. 2152.52(A)(1), expressly precludes the ordering of a competency hearing for an unruly child. (Tr. 4.) The statute reads: "In any proceeding under [R.C. 2152] other than a proceeding alleging that a child is an unruly child or a juvenile traffic offender, any party or the court may move for a determination regarding the child's competency to participate in the proceeding."

{¶ 5} Counsel for E.H. stated that, unless the court agreed to order a competency exam, she objected to the state's request to amend. She asserted that her client's due process rights and Sixth Amendment right to consult with counsel risked being infringed

---

[1] The complaint alleged that E.H. was a 13-year-old minor at the time of filing. At the hearing held on September 16, 2015, E.H.'s attorney asserted that she was 12, and had been 11 at the time she was charged. (Tr. 3.)

without a competency determination. E.H.'s attorney further pointed out that her client was only 12, had been 11 at the time of the alleged truancy, and stated that "my assessment of her ability to consult with me appropriately in an attorney/client relationship is nil." (Tr. 3-4.)

{¶ 6} On October 12, 2014, E.H.'s attorney filed a motion seeking dismissal of the State's complaint on the basis of E.H.'s incompetency, or, in the alternative, the appointment of a guardian ad litem and the ordering of a competency evaluation. The magistrate denied the motion, and E.H. filed objections. (Magistrate's Decision and Entry.)

{¶ 7} The juvenile judge conducted a hearing on February 19, 2015, before issuing a decision that overruled E.H.'s objections on March 6, 2015. Quoting the language of the juvenile competency statute that precludes a competency examination in an unruly child proceeding, the decision stated that the juvenile court had "no binding obligation to grant a request for a competency evaluation based upon the unruly complaint." (Decision and Judgment Entry, 5.) Regarding E.H.'s constitutional challenge to the statute, the decision concluded that no infringement of the right to counsel had occurred because "counsel was provided, and effectively represented the juvenile." (Decision and Judgment Entry, 5.)

{¶ 8} In a judgment entry dated June 16, 2015, the court adjudicated E.H. to be an unruly minor, based on a finding of habitual truancy. The entry also stated that the matter was to be held "open for further review," and set a follow-up hearing for October 15, 2015. The count against E.H.'s mother, for failure to send a child to school, was dismissed at the request of the state.

## II. ASSIGNMENT OF ERROR

{¶ 9} E.H. appeals, asserting the following assignment of error:

> The Juvenile Court committed reversible error by denying a motion for a competency evaluation.

{¶ 10} Conceding that "there is no statutory basis in Ohio for a juvenile to plead that he or she is incompetent to stand for adjudication as an unruly minor," E.H. challenges the constitutionality of the denial of her request for a competency evaluation. (Appellant's Brief, 3.) She argues that, because due process requires a defendant to be legally competent to stand trial, and because juvenile proceedings must comport with

principles of due process, the standards of competency should extend to juveniles. (Appellant's Brief, 3-5.) According to E.H., the fact that her proceeding fell under the unruly child statute and not the delinquency statute "does not change the analysis," because a court has the authority to issue orders that may "significantly restrict" the liberty interests of a child that it adjudicates as unruly. (Appellant's Brief, 5-6.)

{¶ 11} In response, the state argues that the issue of competency is irrelevant in an unruly child proceeding arising from habitual truancy because the alleged harm is a non-criminal status offense remedied by rehabilitation instead of punishment. (Appellee's Brief, 2-3.) The state points to the purposes of the delinquency statute, R.C. 2152.01, which include "hold[ing] the offender accountable for the offender's actions," and argues that the purposes of the unruly child statute, R.C. 2151.01, do not include punishment. (Appellee's Brief, 4-6.) The state believes that the constitutional right that E.H. argues for does not apply to juveniles adjudicated to be unruly, who are not similarly situated to juveniles in delinquency proceedings or criminal defendants. (Appellee's Brief, 8-11.)

## III. ANALYSIS

{¶ 12} Although the parties have not raised the issue, we must consider whether this appeal has appropriately invoked our jurisdiction. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district" in which they reside. Ohio Constitution, Article IV, Section 3(B)(2). This jurisdiction includes a "finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court." R.C. 2501.02. Construing this provision, the Supreme Court of Ohio has stated that "[t]he use of the word 'including' in R.C. 2501.02 can only be said to enumerate some, but not all, of the classes of juvenile court judgments subject to appeal." *In re Hartman*, 2 Ohio St.3d 154, 156 (1983) (holding that R.C. 2501.02 provides a right of appeal to juvenile traffic offenders, even without specific mention of them in the statute). Thus, although R.C. 2501.02 does not specifically include them, we have jurisdiction over appeals from unruly child proceedings. *See, e.g., In re Clark*, 10th Dist. No. 86AP-842 (Feb. 26, 1987) (affirming juvenile court's unruly child determination based on habitual truancy).

{¶ 13} Nevertheless, to properly lie within our jurisdiction, any such appeal must be based on a final appealable order. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A); *see also Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989) ("It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction."). If "the parties fail to raise the issue of whether a judgment constitutes a final, appealable order, the appellate court must raise the jurisdictional issue sua sponte." *Fertec, LLC v. BBC&M Eng., Inc.*, 10th Dist. No. 08AP-998, 2009-Ohio-5246, ¶ 5, citing *Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186 (1972). Thus, although the parties have not raised the issue of whether the juvenile court's adjudication of E.H. was a final appealable order, we must do so to be assured of our jurisdiction.

{¶ 14} The statutory definition of final appealable order states that:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1)  An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2)  An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3)  An order that vacates or sets aside a judgment or grants a new trial;
>
> (4)  An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a)  The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b)  The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B).

{¶ 15} A "provisional remedy" is defined as a "proceeding ancillary to an action" by the statute. R.C. 2505.02(A)(3). In both the criminal and juvenile contexts, a court's competency determination is a "provisional remedy" under R.C. 2505.02(B)(4). *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, ¶ 16; *In re J.W.*, 11th Dist. No. 2009-G-2939, 2010-Ohio-707, ¶ 15. The juvenile court's denial of E.H.'s request for a competency hearing denied her the remedy she sought, of being found incompetent to participate in the proceedings, which would have required the dismissal of the complaint against her. Thus, the denial fulfilled the first part of the definition of a final appealable order arising from a provisional remedy, as it "determine[d] the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(A)(4)(a).

{¶ 16} However, the court's determination must also prevent the appealing party from obtaining "a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action" to qualify as a final appealable order. R.C. 2505.02(A)(4)(b). In the criminal context, this prong is only fulfilled when an incompetency determination is accompanied by an order committing the defendant to an institution or forcing treatment by medication for the purpose of restoring competency. *Upshaw* at ¶ 18-19; *State v. Muncie*, 91 Ohio St.3d 440, 452, 2001-Ohio-93 (holding that "when a trial court orders an incompetent defendant to be forcibly medicated with psychotropic drugs in an effort to restore the defendant to competency, that order is final and appealable"). When there is a competency determination, however, "the potential loss of a meaningful or effective remedy associated with an incompetency finding" is not a danger, and R.C. 2505.02(A)(4)(b) is not satisfied. *In re J.W.* at ¶ 14. As a consequence, the competency determination "is not a final appealable order" under R.C.

2505.02. *Id.* at ¶ 15 (dismissing juvenile's appeal of a competency determination for lack of jurisdiction due to the absence of a final appealable order).

{¶ 17} In this case, there is no indication that the juvenile court's denial of E.H.'s request for a competency evaluation would prevent her from obtaining a meaningful or effective remedy on an appeal after disposition. The effect of the denial was, in essence, a determination that E.H. was competent. As in *In re J.W.,* however, there is no accompanying order from the juvenile court that threatens confinement or infringement of a liberty interest. E.H. has cited to R.C. 2151.354, the statute that lists the dispositional orders available to the juvenile court after an unruly child adjudication, and argues that "adjudicated unruly minors *may* become subject to court orders that significantly restrict their liberty" under its provisions. (Emphasis added.) (Appellant's Brief, 6.) However, at this time, E.H. faces no such restriction based on any order from the juvenile court, as no such order has been issued. Without a dispositional order, any potential restriction to her liberty interests under R.C. 2151.234 is purely a matter of speculation, not an imminent injury that this court may remedy.

{¶ 18} Furthermore, because this is a juvenile case, the absence of a dispositional order also demonstrates that E.H.'s appeal lacks a final appealable order. "Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." *In re Murray*, 52 Ohio St.3d 155, 157 (1990), citing *Harvey v. Civil Serv. Comm.*, 27 Ohio App.3d 304, 305 (1st Dist.1985). An unruly child adjudication does not have the effect of concluding a juvenile proceeding, as disposition must follow. R.C. 2151.35. The statute directs the juvenile court in the following manner:

> If the court at the adjudicatory hearing finds beyond a reasonable doubt that the child is a delinquent or unruly child or a juvenile traffic offender, *the court shall proceed immediately, or at a postponed hearing, to hear the evidence as to the proper disposition to be made* under section 2151.354 or Chapter 2152 of the Revised Code. If the court at the adjudicatory hearing finds beyond a reasonable doubt that the child is an unruly child for being an habitual truant, or that the child is an unruly child for being an habitual truant and that the parent, guardian, or other person having care of the child has failed to cause the child's attendance at school in violation of section 3321.38 of the Revised Code, *the court shall proceed to hold a hearing to hear the evidence as to the proper disposition to be made* in regard to the child under division (C)(1) of section 2151.354 of the Revised Code and the proper action to take in regard to the parent, guardian, or other person having care of the child under division (C)(2) of section 2151.354 of the Revised Code.

(Emphasis added.) R.C. 2151.35(A)(1).

{¶ 19} Thus, whether a child is adjudicated delinquent, unruly, or unruly by reason of habitual truancy, the juvenile court must follow up with a "proper disposition."

{¶ 20} The Rules of Juvenile Procedure also demonstrate that an adjudication is only a preliminary determination, as it must be followed by "any one of the following" four actions: the juvenile court must "proceed forthwith to disposition," "continue the matter for disposition for not more than six months," "[p]ostpone any entry of adjudication for not more than six months," or, if it "is in the best interest of the child and the community," dismiss the complaint. Juv.R. 29(F)(2). Furthermore, the Juvenile Rules reserve entry of judgment until after the conclusion of the dispositional hearing. Juv.R. 34(C).

{¶ 21} Thus, R.C. 2151.35 and Juv.R. 29(F)(2) apply the same two-step process of adjudication and disposition to both delinquency and unruly child proceedings. In the context of delinquency, the Supreme Court of Ohio has held that "[i]t is rudimentary that a finding of delinquency by a juvenile court, *unaccompanied by any disposition thereof,* is not a final appealable order." (Emphasis added.) *In re Sekulich*, 65 Ohio St.2d 13, 14 (1981), citing *In re Whittington*, 17 Ohio App.2d 164 (5th Dist.1969), and *In re Bolden*, 37

Ohio App.2d 7 (3d Dist.1973). The same principle applies to unruly child adjudication. Without an accompanying disposition, it is not a final appealable order.

{¶ 22} In this case, an adjudicatory hearing was held on June 9, 2015, and the court adjudicated E.H. as unruly at its conclusion. (Tr. 11-12.) However, the judge did not proceed to disposition, and instead stated the following:

> As to a disposition, I'm encouraged to hear that in fact her school attendance is much improved and that her performance is much improved but I am going to hold this matter open for a review hearing in October to verify that in fact she has continued to make the progress that you both have spoken of.

(Tr. 33.)

{¶ 23} The judgment entry filed on June 15, 2015, also reflected the judge's intention to delay the dispositional hearing. It stated that E.H. "IS ADJUDICATED AN UNRULY MINOR BY PROOF BEYOND A REASONABLE DOUBT, HAVING COMMITTED THE OFFENSE OF COUNT #1, HABITUAL SCHOOL TRUANCY." (Emphasis sic.) The entry also stated: "THE COURT HOLDS THIS MATTER OPEN FOR FURTHER REVIEW." (Emphasis sic.)

{¶ 24} A juvenile adjudication without an accompanying disposition where the matter remains "open" is not a final appealable order. *In re C.C.*, 10th Dist. No. 07AP-993, 2008-Ohio-2803, ¶ 12. In *In re C.C.*, a juvenile appealed a final judgment that had adjudicated him delinquent based on two counts of theft and one count of attempted theft. *Id.* at ¶ 4. However, the juvenile court had only rendered a disposition on one of the theft offenses, and stated that the other two offenses were to remain "open until parole is complete." *Id.* Regarding the two offenses without dispositions, the juvenile court "contemplated further action, thereby leaving issues unresolved." *Id.* at ¶ 10. Without accompanying dispositions, the juvenile court had "failed to inform appellant of any consequences, obligations, or duties resulting from" the adjudication. *Id.* at ¶ 11. Accordingly, appellate jurisdiction only encompassed the theft offense with a disposition, and the review was confined to that offense.

{¶ 25} Similarly, E.H. appeals only from an entry adjudicating her unruly and holding the matter "open for further review," with no disposition by the juvenile court.

Because it lacked a disposition, the entry was not a final appealable order, and we, therefore, lack jurisdiction under R.C. 2505.03(A) to hear E.H.'s appeal. Accordingly, this appeal is dismissed.

*Appeal dismissed.*

DORRIAN, P.J. and TYACK, J., concur.

————————————————