[Cite as *State v. Hollinger*, 2017-Ohio-8592.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-15 |
| BENJAMIN HOLLINGER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Fairfield County
                            Court of Common Pleas, Case No.16CR12

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 15, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER REAMER                        JAMES MAYER III
239 West Main Street, 101                 34 South Park Street
Lancaster, OH 43130                       Mansfield, OH 44902

*Gwin, P.J.,*

{¶1}   Appellant Benjamin Hollinger ["Hollinger"] appeals from the September 23, 2016 Order of the Fairfield County Court of Common Pleas overruling his motion to dismiss on double jeopardy grounds.

*Facts and Procedural History*

{¶2}   The trial court found the following facts from the September 2, 2016 hearing.

{¶3}   On July 15, 2016, Hollinger pled guilty to an OVI offense in Mansfield Municipal Court, his third OVI conviction in a six-year period.

{¶4}   On July 18, 2016, Hollinger was cited at his home in Richland County for OVI because of a call to the Ohio State Highway Patrol at 1:19 p.m. regarding reckless driving and the striking of a mailbox.  Hollinger was allowed to remain at home and the call was cleared at 3:07 p.m.

{¶5}   Shortly thereafter, Hollinger returned to his car and began driving toward Hocking County.  On Route 13 near Interstate 70 in Licking County, at approximately 4:24 p.m. the Ohio State Highway Patrol was called to the scene of a hit-skip.  A driver at the scene stated, "I got ACDA'd by a blue vehicle."  The driver's Chevy Malibu had been crashed into and thereafter struck a utility pole.

{¶6}   Dwayne E. Bonham witnessed the hit-skip.  He had followed Hollinger from Utica, through Licking County to State Route 256 before losing sight of the Hollinger's vehicle.

{¶7}   At approximately 4:51 p.m., Trooper Myers of the Ohio State Highway Patrol clocked Hollinger's vehicle traveling 86 M.P.H. on State Route 37 near Carroll-Eastern Road in Fairfield County.  The Trooper turned to follow Hollinger and in less than

a mile from his first sighting, the Trooper found Hollinger involved in a two-vehicle accident. Hollinger was transported to Fairfield Medical Center.

{¶8} Because of Hollinger's actions on July 18, 2016, he was charged with OVI in Licking County to which he pled guilty and felony OVI in Fairfield County.

{¶9} On May 19, 2016, Hollinger filed a motion to dismiss in the Fairfield County Court of Common Pleas arguing that his actions in Licking and Fairfield Counties were the result of a continuing course of conduct and that the Fairfield County prosecution is barred by the Doctrine of Res Judicata and violates the Double Jeopardy Clause of the Fifth Amendment and Section 10, Article I of the Ohio Constitution.

{¶10} A hearing was held on Hollinger's motion on September 2, 2016. By Order filed September 23, 2016, the trial court overruled Hollinger's motion to dismiss. The trial court found that Hollinger's "behavior exhibited a separate animus which resulted in harm that is separate and identifiable." Therefore, the trial court held that Hollinger could be prosecuted for a separate offense of OVI in Fairfield County.

{¶11} On November 3, 2016, Hollinger entered a no contest plea to one count of driving while under the influence of alcohol, as a third offense in six years. On February 23, 2017, the trial court placed Hollinger on 5 years of Community Control sanctions and ordered that he serve 180 days in the Fairfield County jail with 174 days of credit.

*Assignment of Error*

{¶12} Hollinger raises one assignment of error,

{¶13} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS."[1]

*Law and Analysis*

**Standard of Review.**

{¶14} We apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy. *State v. Anderson*, 148 Ohio St.3d 74, 2016–Ohio–5791, ¶ 20.

**Legal Standard – Double Jeopardy.**

{¶15} The Fifth Amendment bars successive prosecutions only if the two offenses for which the defendant is prosecuted are the "same" for double jeopardy purposes. *Heath v. Alabama*, 474 U.S. 82, 87, 106 S.Ct. 433, 88 L.Ed.2d 387(1985).

{¶16} The principle behind the Double Jeopardy Clause "'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, *quoting Green v. United States*, 355 U.S. 184, 187-188, 78 S.Ct. 221, 2 L.Ed.2d 199(1957). The federal and state constitutions' double jeopardy protection further guards citizens against cumulative punishments for the "same offense." *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181(1982). "[T]he Double Jeopardy Clause does no more than prevent the

---

[1] Appellant in his brief mistakenly refers to the motion filed May 19, 2016 as a "Motion to Suppress"; however a review of the record establishes that it was in fact a "Motion to Dismiss." *See*, Docket Entry #27; T. Sept. 2, 2016 at 4.

sentencing court from prescribing greater punishment than the legislature intended."

*Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542(1983).

*See, also, Moss*, 69 Ohio St.2d at 518, 433 N.E.2d at 184-185.  In *Ohio v. Johnson*, 467

U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425(1984), the United States Supreme Court

stated:

> Because the substantive power to prescribe crimes and determine
>
> punishments is vested with the legislature, *United States v. Wiltberger*, 5
>
> Wheat. 76, 93, 5 L.Ed. 37 (1820), the question under the Double Jeopardy
>
> Clause whether punishments are 'multiple' is essentially one of legislative
>
> intent, see *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74
>
> L.Ed.2d 535 (1983).

{¶17} The Double Jeopardy Clause of the federal constitution "protects only

against the imposition of multiple criminal punishments for the same offense, * * * and

then only when such occurs in successive proceedings."  (Citations omitted.)  *Hudson v.*

*United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450(1997); *State v. Martello*,

97 Ohio St.3d 398, 2002–Ohio–6661, 780 N.E.2d 250, ¶8.

{¶18}  In determining whether an accused is being successively prosecuted for the

"same offense," the Ohio Supreme Court has adopted the so called "same elements" test

articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306

(1932). *State v. Zima*, 102 Ohio St.3d 61, 806 N.E.2d 542, 2004–Ohio–1807, ¶ 18, *citing*

*State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975), paragraph three of the syllabus.

{¶19}  Under *Blockburger,* "the Double Jeopardy Clause * * * prohibits successive

prosecutions for the same criminal act or transaction under two criminal statutes unless

each statute 'requires proof of a fact which the other does not." *State v. Tolbert*, 60 Ohio St.3d 89, 90, 573 N.E.2d 617 (1991), *quoting Blockburger* at 304. "This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case." *State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), *overruled on other grounds in State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), *superseded by statute as stated in State v. Anderson, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23.*

**The facts in the case at bar establishes that Hollinger is not being successively prosecuted for the "same offense."**

{¶20} In the case at bar, Hollinger is not subjected to multiple punishments for the same offense.

{¶21} R.C. 2941.25, Multiple counts states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶22} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 114, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Ruff,* at *syllabus.* The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

{¶23} The offenses of OVI in Licking County and OVI in Fairfield County are, under the facts of this case, of dissimilar significance and have separate and identifiable harm. Hollinger contends that he drove but one time. He suggests therefore that he can only be punished one time for driving while under the influence. However, Hollinger's argument centers solely upon the OVI charge. Clearly, Hollinger can be charged and convicted of any other traffic offense that he committed in Fairfield County. Thus, this is

not a case where the accused is simply driving under the influence and passing from one jurisdiction into another jurisdiction. In the case at bar, Hollinger was involved in an accident with another vehicle in Licking County. Hollinger voluntarily makes the choice not to stop, but to flee the scene of this accident. Hollinger enters Fairfield County and he continues to drive until he is involved in a two-vehicle accident in Fairfield County.

**{¶24}** Thus, Hollinger's continued driving into Fairfield County after leaving the scene of the accident in Licking County caused separate, identifiable harm, was committed separately and was committed with a separate motivation. Thus under *Ruff,* Hollinger's act of driving OVI in Licking County was separate and distinct from his act of driving while under the influence in Fairfield County. *State v. Carozza*, 5th Dist. Ashland No. 14-COA-028, 2015-Ohio-1783, 33 N.E.3d 554.[2]

---

[2] In *Carozza,* this Court granted Carozza's motion to re-open, and issued a supplemental opinion in the case that was filed June 8, 2015.

{¶25} Hollinger's sole assignment of error is overruled.

{¶26} The judgment of the Fairfield County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur