JUDGES: Hon. Carol Ann Robb, Hon. Gene Donofrio, Hon. Cheryl L. Waite
OPINION AND JUDGMENT ENTRY
PER CURIAM.
{¶ 1} Juvenile-appellant C.W. appeals the decision of the Columbiana County Common Pleas Court, Juvenile Division, denying his motion to dismiss and adjudicating him delinquent for grand theft of a motor vehicle. Appellant contends his double jeopardy rights were violated because he was previously adjudicated and sentenced in Stark County for receiving stolen property with regards to the same motor vehicle. He filed a pretrial motion to dismiss, which was denied in a magistrate's decision and a juvenile court's judgment entry. Appellant did not object to the magistrate's decision or appeal. This appeal is from the trial court's subsequent decision overruling his objection to the magistrate's adjudication order entered after the trial on the theft offense. As no dispositional order has been issued, the decision on appeal is not a final, appealable order. Accordingly and for the following reasons, this appeal is dismissed.
{¶ 2} At the time of the theft offense, Appellant was a resident of Stark County, but he was on probation and spent two weeks at a foster home with a special points program in Lisbon, Ohio. The foster parent owned a Chrysler Town and Country minivan. He put the vehicle key in his jacket pocket and left his jacket in the kitchen. At 1:07 a.m. on December 27, 2016, a surveillance camera showed Appellant searching the jacket pockets. The foster parent noticed the vehicle was missing while he was taking out the garbage at *693 approximately 1:45 a.m. He watched the video and called the police. He was contacted by Appellant's caseworker at 10:30 a.m. with news that Appellant was at his father's house. At 1:30 p.m., the foster parent received a call from the Ohio State Highway Patrol informing him the vehicle was involved in an accident on Interstate 77. The vehicle was totaled in the accident.
{¶ 3} On January 10, 2017, a delinquency complaint was filed against Appellant in Columbiana County charging him with grand theft of a motor vehicle, a felony of the fourth degree. See R.C. 2913.02(B)(5) (raising the degree of the theft offense where the property stolen was a motor vehicle). The basic elements of the charged theft offense were: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent * * *." R.C. 2913.02(A)(1). The complaint identified the vehicle as a 2008 Chrysler Town and Country minivan and specified the owner's name and Lisbon address (as that of the foster parent).
{¶ 4} On February 6, 2017, the state filed a "motion to dismiss" the complaint stating Appellant was charged in Stark County with receiving stolen property as to the same vehicle. The motion opined it would be in the interest of judicial economy to allow the matter to proceed in Stark County where Appellant was a resident.
{¶ 5} On March 6, 2017, Appellant filed a motion to dismiss under R.C. 2941.25(A). He disclosed that a disposition had been entered in Stark County for the offense of receiving stolen property (the minivan). He therefore urged he could not be convicted in Columbiana County for theft of the same vehicle as the offenses were allied offenses of similar import. The complaint and the order of disposition from Stark County Case Number 2017 JCR 00015 were attached to Appellant's motion. The Stark County complaint charged Appellant with receiving stolen property, a fourth-degree felony if committed by an adult due to the property being a motor vehicle. See R.C. 2913.51(C). The offense of receiving stolen property has the following elements: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A). The Stark County complaint stated the offense took place on December 27, 2016 and specified the vehicle was a minivan belonging to the named foster parent who reported it stolen. (There is no date-stamp on the complaint.)
{¶ 6} The Stark County order of disposition appears to be a magistrate's decision, but the signature line above the magistrate's name is blank (and there is no space for a judge's signature.) It is dated February 15, 2017, but there is no date-stamp. The order contains dispositions in various cases against Appellant. As to 2017 JCR 00015, the decision states he was adjudicated delinquent after pleading "true" to receiving stolen property, a fourth degree felony. (He was also adjudicated in that case number for failure to comply with an order or signal of a police officer.) As a disposition for receiving stolen property, he was committed to the Department of Youth Services (DYS) for a minimum of six months, but the sentence was stayed. (At the same time, a stay of a disposition in a previous case was lifted, and Appellant was ordered to serve twelve months in a DYS facility.)
{¶ 7} In this case, the state filed a response in opposition to Appellant's motion to dismiss, citing division (B) of R.C. 2941.25 and Supreme Court case law allowing *694 a conviction on each offense if the offenses were of dissimilar import, were committed separately, or were committed with separate animus. See In re A.G. , 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646 ; State v. Ruff , 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The state noted the gap in time between the two offenses and emphasized how Appellant took the vehicle in Columbiana County in order to return to his home in Stark County but engaged the police in a high-speed chase in Stark County hours later.
{¶ 8} On April 14, 2017, the magistrate denied Appellant's March 6, 2017 motion to dismiss (and the state's February 6, 2017 motion to dismiss), citing In re A.G. , Ruff , and the Second District's decision in State v. Skapik , 2d Dist., 2015-Ohio-4404, 42 N.E.3d 790. The juvenile court issued a judgment entry adopting the magistrate's decisions the same day. Both decisions contained notification as to the parameters for filing objections. No objection was taken, and no appeal was filed.
{¶ 9} On June 28, 2017, the adjudicatory hearing was held before the magistrate. The foster parent testified to the aforestated facts regarding Appellant stealing his minivan. A deputy sheriff testified about responding to the foster parent's call. He identified his own incident report and the foster parent's written statement, which were admitted without objection. Defense counsel moved to dismiss in accordance with his prior written motion. The court overruled the motion. Appellant testified in his own defense. He admitted stealing the minivan. He attested he was adjudicated and sentenced in Stark County for receiving stolen property regarding the same van. After agreeing he was in possession of the van continuously from the time he stole it to the time he wrecked it, he was asked, "Did you get out of it or go anywhere or do anything-leave it anywhere?" He responded, "Yeah. I went to a couple of different places." (Tr. 13). At the close of the evidence, defense counsel renewed the motion to dismiss. The magistrate found Appellant delinquent and announced the case would be sent to Stark County for disposition. (Tr. 14-15).
{¶ 10} On July 5, 2017, the magistrate's decision and the juvenile court's corresponding judgment entry on the adjudication were filed. See Juv.R. 40(D)(3)(e)(i) (the court can enter judgment on the magistrate's decision during the period for filing objections). The court found by proof beyond a reasonable doubt that Appellant, with purpose to deprive the owner, knowingly obtained or exerted control over the minivan of the named foster parent without the consent of the owner or a person authorized to give consent in violation of R.C. 2913.02(A)(1), a fourth-degree felony if committed by an adult. The court memorialized the overruling of Appellant's mid-trial motions to dismiss. The court explained that the matter would be transferred to Stark County for disposition. On the same day, a separate order of transfer was issued, and the case was sent to Stark County.
{¶ 11} On July 13, 2017, Appellant filed an objection to the July 5, 2017 magistrate's decision. Appellant argued the complaint should have been dismissed based on the position expressed in his March 6, 2017 motion to dismiss and R.C. 2941.25(A). On July 28, 2017, Stark County denied the request for transfer because a timely objection was pending and the objection stayed the magistrate's decision. See Juv.R. 40(D)(3)(e)(i) (if the court enters a judgment during the fourteen-day period for filing objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment).
*695 {¶ 12} On September 12, 2017, the juvenile court overruled Appellant's objection. The court opined that any attempt to object to the April 14, 2017 decision was untimely. As to the timely objection from the adjudication order, the court concluded the magistrate's decisions overruling the motion to dismiss were correct, citing In re A.G. and Ruff . The court also reviewed the Second District's Skapik case which held the theft of the automobile and the receiving stolen property were not allied offenses of similar import due to the separation in time and location between the offenses.[1] The court found the theft here occurred at 1:07 a.m. in Lisbon, Columbiana County, and the receiving stolen property offense arose out of Appellant fleeing police in a stolen vehicle and crashing it in Canton, Stark County twelve hours later, during which period Appellant stopped at various places. The court concluded: each offense was committed with a separate animus: the theft was done to deprive the owner of his vehicle; and the receiving stolen property charge was based upon his further employment of the vehicle on his own subsequent business in another county twelve hours later.
{¶ 13} Appellant filed a notice of appeal on October 2, 2017. Appellant's sole assignment of error contends: "THE TRIAL COURT ERRED IN FINDING THE JUVENILE DELINQUENT FOR THEFT IN VIOLATION OF THE JUVENILE'S DOUBLE JEOPARDY RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND BY THE OHIO CONSTITUTION." The double jeopardy clause in the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." A similar clause in the Ohio Constitution at Article I, Section 10 states: "No person shall be twice put in jeopardy for the same offense." Double jeopardy principles protect juveniles subject to delinquency proceedings in the same manner as they protect adults. In re A.G. , 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 9, 11. The double jeopardy clause prohibits: (1) re-prosecution for the same offense after an acquittal; (2) re-prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. State v. Ruff , 143 Ohio St. 3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.
{¶ 14} The provisions in R.C. 2941.25 are considered a codification of the multiple punishment prohibition. Id. at ¶ 12. Under division (A) of this statute, allied offenses of similar import arising from the same conduct can be charged in the same indictment, but there can only be one conviction. R.C. 2941.25(A). Under division (B), the defendant may be convicted of each count in the indictment if the conduct: (1) constitutes offenses of dissimilar import or significance; (2) shows the offenses were committed separately; or (3) indicates the offenses were committed with *696 separate animus or motivation. See Ruff , 143 Ohio St. 3d 114, 34 N.E.3d 892 at ¶ 13, 20, 25, 31. See also id. at ¶ 26 ("At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.").[2]
{¶ 15} Although the two offenses at issue were contained in two different indictments arising out of two different counties, Appellant applies the analysis under R.C. 2941.25(A).[3] The double jeopardy prohibition being challenged here was the re-prosecution for the same offense after a conviction. Appellant's pre-trial motion was denied in a magistrate's decision (adopted by the trial court), and no objection was filed. Likewise, no appeal was filed. Instead, Appellant argued for dismissal again at trial and appealed the adjudication order.
{¶ 16} On the issue of "being tried twice for the same offense," the Supreme Court has ruled a pre-trial motion to dismiss and discharge on double jeopardy grounds is a final appealable order. State v. Anderson , 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 58 ("because the protection against double jeopardy is not just protection against being punished twice for the same offense, it is also the protection against being tried twice for the same offense."). The Anderson case involved a defendant who filed a motion to dismiss after proceeding through multiple trials and experiencing multiple mistrials. The Court held the denial of a motion to dismiss on double jeopardy grounds was a final appealable order as: (1) the order denied a provisional remedy (as it is a proceeding ancillary to the action); (2) it in effect determined the action with respect to the provisional remedy (as it permitted subsequent prosecution); and (3) the defendant would not be afforded a meaningful review of the decision after waiting for the final judgment as to all proceedings in the action. Id. at ¶ 26, 48, 51-52, 59-60.
{¶ 17} Assuming Anderson would make a pre-trial denial of a motion to dismiss immediately appealable in a case where the defendant argues a conviction in another court precluded the current prosecution, no appeal was taken from the juvenile court's denial of the pre-trial motion to dismiss on double jeopardy grounds. The court thereafter addressed motions presented after the state's evidence and again after the defense evidence. Once the second prosecution occurred, the Anderson holding regarding a pre-trial motion to dismiss on double jeopardy grounds on the allegation of successive prosecution was no longer applicable. On the meaningful review *697 prong of the final appealable order test, the Court pointed out, "retrial itself is one of the harms at issue in double-jeopardy cases. That harm cannot be remedied by a subsequent acquittal in the trial court or by the reversal of any conviction through appeal after trial." Id. at ¶ 57. Here, the retrial already occurred.
{¶ 18} This is not to say a double jeopardy argument cannot be appealed after final disposition of the case. The trial court's last decision on the motion analyzed the issue under facts elicited at trial during the testimony of the victim, the deputy, and Appellant. The Supreme Court's decision in Anderson did not imply the interlocutory appeal was the singular way to preserve a double jeopardy issue for appeal. See State v. Emich , 9th Dist. No. CV 17CA0039-M, 2018-Ohio-627, 2018 WL 989761, ¶ 6 (the denial of the motion to dismiss is also reviewable following the entry of the judgment of conviction as that is the point in time that the harm is fully realized; even if the argument on the second prosecution became moot, there is still the issue of multiple punishments).
{¶ 19} Yet, an adjudication without a sentence is not appealable. "It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." In re Sekulich , 65 Ohio St.2d 13, 14, 417 N.E.2d 1014, 1015 (1981). And, that holding was made in a case involving a Juv.R. 11 transfer. See id. Here, the court did not enter a dispositional order as the court ordered the case transferred to Stark County for disposition under Juv.R. 11, which provides in pertinent part:
(A) Residence in Another County; Transfer Optional. If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes.
(B) Proceedings in Another County; Transfer Required. The proceedings, other than a removal action, shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence.
(C) Adjudicatory Hearing in County Where Complaint Filed. Where either the transferring or receiving court finds that the interests of justice and the convenience of the parties so require, the adjudicatory hearing shall be held in the county wherein the complaint was filed. Thereafter the proceeding may be transferred to the county of the child's residence for disposition.
Juv.R. 11(A)-(C). See also R.C. 2151.71. The juvenile court can therefore transfer the case to the county of the child's residence after the adjudicatory hearing, at which point the transferee court shall proceed as if the original complaint had been filed in that court. Juv.R. 11(A), (C).
{¶ 20} Here, the adjudicatory hearing was held in the county where the complaint was filed. The magistrate's decision and juvenile court entry adjudicated the child and ordered the case transferred to Stark County for disposition. Stark County refused the transfer due to a pending objection on the adjudication order. As the objection regarding the adjudication has been ruled upon, the case can now be retransferred and proceed to disposition (upon dismissal of this appeal).
*698 {¶ 21} Just as a verdict in an adult criminal trial is not appealable until the sentence is imposed, the order of adjudication in a juvenile delinquency proceeding is not subject to appeal until there has been a disposition. See In re Sekulich , 65 Ohio St.2d at 14, 417 N.E.2d 1014 ; In re E.H. , 10th Dist. No. 15AP-680, 2016-Ohio-1186, 2016 WL 1117923, ¶ 18, 21 ("An unruly child adjudication does not have the effect of concluding a juvenile proceeding, as disposition must follow"; "Without an accompanying disposition, it is not a final appealable order."); In re A.H. , 8th Dist. No. 95661, 2011-Ohio-2039, 2011 WL 1639304, ¶ 10-11 (where a delinquency adjudication was left unaccompanied by a disposition, the court dismissed the appeal holding: "Akin to the adult criminal justice system, this is a conviction without a sentence."); In re Domin , 5th Dist. No. 2007CA00073, 2007-Ohio-6618, 2007 WL 4328047, ¶ 13 ("A finding of delinquency without disposition does not constitute a final appealable order.").
{¶ 22} In a Third District case involving a Juv.R. 11 transfer, the appellate court held the juvenile court's imposition of community control after adjudication amounted to a final dispositional order precluding transfer to the juvenile's home county; conversely and implicitly, if no dispositional order had been entered, the adjudication order would not have been final and the case could have been transferred to the juvenile's home county for disposition. In re C.E. , 190 Ohio App.3d 85, 2010-Ohio-4072, 940 N.E.2d 990 (3d Dist.) In a Fourth District case, the juvenile was adjudicated delinquent in Pickaway County, and the case was ordered transferred to Ross County for final disposition under Juv.R. 11. The juvenile filed a notice of appeal in Pickaway County, which the Fourth District dismissed finding it was "uncontestably true" that a delinquency adjudication without a disposition is not a final appealable order. In the Matter of Tyler , 4th Dist. No. 92CA22, 1992 WL 329413 (Oct. 28, 1992), citing In re Sekulich , 65 Ohio St.2d at 14, 417 N.E.2d 1014. The court observed: "Had there been a final appealable order in Pickaway County, there would have been no case to transfer to Ross County." Id. (upon transfer, nothing remains to be appealed in the transferor county; the transferee county juvenile court becomes the trial court where any subsequent notice of appeal must be filed).
{¶ 23} For the foregoing reasons, the juvenile court's decision overruling an objection to a magistrate's adjudication order which was adopted by the juvenile court was not final where there was no disposition. As the adjudication decision which lacked a disposition was not a final appealable order, this court lacks jurisdiction to address the appeal. In accordance, this appeal is dismissed.
Robb, P.J., concurs.
Donofrio, J., concurs.
Waite, J., concurs

In Skapik , the defendant argued grand theft (of a firearm) and receiving stolen property (the same firearm) should have merged because when he stole a gun, he simultaneously received or retained it. Skapik , 2d Dist. at ¶ 8. The Second District observed that the theft offense occurred one night when the defendant stole firearms and the receiving stolen property offense occurred the next morning when he sold the property in another county. Id. at ¶ 9. The court emphasized how receiving stolen property had alternative elements: "receive, retain, or dispose ." Id. Because the "acts of stealing the guns and disposing of the guns occurred at different times and at different locations," the court concluded the offenses involved separate conduct and were not subject to merger. Id. Here, the minivan was allegedly totaled during a high speed chase 12 hours after it was stolen in another county.

If a court finds merger is required after two verdicts are rendered, the state must elect which offense it wishes to proceed on, and the court imposes one sentence on that elected offense (and therefore one "conviction"). State v. Whitfield , 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12-13, 18, 21. "[A] conviction is a determination of guilt and the ensuing sentence"; the statutory prohibition on multiple convictions is actually a "protection against multiple sentences." Id. at ¶ 13, 18.

See State v. Hollinger , 5th Dist., 2017-Ohio-8592, 101 N.E.3d 91, ¶ 22-24 (applying Ruff to an appeal after conviction and concluding the defendant could be convicted of operating a vehicle while intoxicated in Fairfield County after he pled guilty to the same offense in Licking County where both occurred during the same span of intoxicated driving and he was involved in accidents in both counties). Compare State v. Toth , 9th Dist. No. 16CA0086-M, 2017-Ohio-5481, 2017 WL 2766248, ¶ 8, 10 (applying the "same elements" test of Blockburger to determine if a successive prosecution deals with the same offense and rejecting the argument that Ruff should have been applied at the pre-trial hearing on the motion to dismiss).