[Cite as *In re S.M.*, 2025-Ohio-321.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| S.M. | : | CASE NO. CA2024-07-011 |
| | : | O P I N I O N<br>2/3/2025 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20232134

The CMW Law Firm, and Anthony D. Maiorano, for appellant.

Brian A. Shidaker, Clinton County Prosecuting Attorney, and Danielle Sollars, Assistant Prosecuting Attorney, for appellee.

**PIPER, J.**

{¶ 1} Appellant, S.M., appeals the decision of the Clinton County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for committing acts that would be charged as complicity to commit two counts of robbery if committed by an adult. For the reasons outlined below, we dismiss this appeal for lack of a final appealable order.

{¶ 2} On December 20, 2023, a complaint was filed alleging the then 16-year-old

S.M. was a delinquent child for committing acts that would be charged as two counts of robbery in violation of R.C. 2911.02(A)(2) and (A)(3), one a second-degree felony with the other being a third-degree felony. On March 28, 2024, the matter came before a juvenile court magistrate for an adjudication hearing. During this hearing, the magistrate heard testimony and took evidence from a total of five witnesses. Upon hearing the testimony and evidence presented, and following a brief recess to take the matter under advisement, the magistrate issued its decision from the bench adjudicating S.M. a delinquent child.

{¶ 3} On April 16, 2024, the magistrate issued its written findings of fact and conclusions of law. Shortly thereafter, on April 26, 2024, S.M. filed an objection to the magistrate's decision. To support his objection, S.M. argued that "[t]he facts are insufficient to support a conclusion that the youth had the requisite mens rea required to be either a primary offender or complicit in the offense." Approximately three weeks later, on May 15, 2024, the juvenile court held a hearing on S.M.'s objection. The following month, on June 27, 2024, the juvenile court issued a decision overruling S.M.'s objection. Within that decision, and despite there having yet to be any dispositional decision issued, the juvenile court stated that its decision was a final appealable order. Specifically, as the juvenile court stated, "The court notes this is a final appealable entry."

{¶ 4} On July 12, 2024, S.M. filed a notice of appeal from the juvenile court's order overruling his objection to the magistrate's decision. Following briefing, on December 18, 2024, S.M.'s appeal was submitted to this court for consideration. Within his appeal, S.M. raised two assignments of error for review. In his two assignments of error, S.M. argued the juvenile court's decision adjudicating him a delinquent child was not supported by sufficient evidence and was otherwise against the manifest weight of the evidence. However, without a dispositional order, either from the juvenile court in this case or the

juvenile court where S.M. apparently resides, this appeal was not taken from a final appealable order. This is because, as is well established, "[a] finding of delinquency without an accompanying disposition is not a final appealable order." *In re D.S.*, 2024-Ohio-162 (8th Dist.); *In re Sekulich*, 65 Ohio St.2d 13, 14 (1981). This holds true despite the juvenile court stating as much within its decision overruling S.M.'s objection to the magistrate's decision. Simply stating a decision is a final and appealable does not render appealable an otherwise non-appealable decision. Therefore, "[s]ince our jurisdiction is limited to the review of final orders, we must dismiss the appeal." *In re J.P.*, 2017 Ohio App. LEXIS 3031, *2 (July 21, 2017) (1st Dist.).

{¶ 5} In so holding, we note that neither party raised the issue of whether the juvenile court's decision adjudicating S.M. a delinquent child was a final appealable order. But "[i]f 'the parties fail to raise the issue of whether a judgment constitutes a final, appealable order, the appellate court must raise the jurisdictional issue sua sponte.'" *In re E.H.*, 2016-Ohio-1186, ¶ 13 (10th Dist.), quoting *Fertec, LLC v. BBC&M Eng., Inc.*, 2009-Ohio-5246, ¶ 5 (10th Dist.), citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). Therefore, although the parties did not raise the issue, this court was obligated to do so to be assured of our jurisdiction. This is because, in accordance with Ohio Constitution, Article IV, Section 3(B)(2), to properly lie within our jurisdiction, any such appeal must be based on a final appealable order. *In re E.H.*

{¶ 6} Appeal dismissed.

BYRNE, P.J., and M. POWELL, J., concur.